

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC - 2 2016
CLERK, U.S. DISTRICT COURT
By_____
Deputy

UNITED STATES OF AMERICA

v.

JOSE LUIS CORRAL (01)

No. 4:16-CR-241-A

# FACTUAL RESUME

**INDICTMENT:** Count Two - Possession of an Unregistered Firearm in violation of 26 U.S.C. § 5861(d)

**PENALTY:** A fine not to exceed $250,000.00, imprisonment of not more than 10 years, or both such fine and imprisonment, plus a term of supervised release of up to three (3) years.

**MAXIMUM PENALTY:** A fine not to exceed $250,000, imprisonment of not more than 10 years, or both such fine and imprisonment, plus a term of supervised release of up to three (3) years. If the defendant violates any condition of supervised release, the Court may revoke such term of supervised release and require the defendant to serve an additional period of confinement. In addition, the Court, pursuant to 18 U.S.C. §3663A, shall order the defendant to pay restitution to any victim of his crime, which could include community service. Further, the Court must impose a $100.00 Mandatory Special Assessment.

**ELEMENTS OF THE OFFENSE:**
To establish the offense alleged in Count Two of the Indictment, the government must prove the following elements beyond a reasonable doubt:
1. That the defendant knowingly possessed a firearm;
2. That this firearm was a machinegun as described in Count Two of the Indictment;
3. That the defendant knew of the characteristics of the firearm, that is, that it was a machinegun;
4. That the firearm was or could have readily been put in operating condition; and
5. That the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

**STIPULATION OF FACTS:**

Defendant Jose Luis Corral provided Charles Robert Tilghman with four lower receivers, which included three Anderson AR-15 type lower receivers, and four M16 type machinegun conversion parts <u>kits request</u>ing that Tilghman produce four machineguns. Defendant Corral also requested that Tilghman remove and obliterate all the manufacturer markings, model and serial numbers from each of the AR-15 type lower receivers and provided Tilghman with a lathe and drill bits to assist in producing the requested machineguns.

Thereafter, Tilghman, at the direction of Corral, removed and obliterated the manufacturer markings, model and serial numbers from each of the AR-15 type lower receivers, which included three Anderson AR-15 type lower receivers; drilled the machinegun automatic-sear pin hole into the four lower receivers; and installed the M16 type machinegun conversion parts into each lower receiver.

On March 18, 2016, Tilghman took part in a controlled delivery of the four altered AR-15 type lower receivers, including the three Anderson AR-15 type lower receivers, to Corral. Upon meeting, defendant Corral and Tilghman engaged in a brief conversation during which Tilghman explained to defendant Corral that the serial numbers had been removed from the firearms, like CORRAL had asked Tilghman to do, to which Corral replied, "Good." Tilghman produced the bag containing the four altered lower receivers which included three Anderson AR-15 type lower receivers, all with obliterated marking and serial numbers, and the two discussed the contents of the bag.

Subsequent to defendant Corral's arrest for possession of the machineguns and after having been advised of his Miranda rights, Corral waived his Miranda Rights and agreed to speak with the agents. Corral advised that he had purchased the AR-15 type lower receivers in semi-automatic configuration, had delivered the receivers ~~along with full-auto conversion parts kits to Tilghman~~ *Tilghman* and directed him to drill the receivers out so they would accept the full auto conversion parts. Defendant Corral also stated that he told Tilghman to remove all markings, to include the serial numbers, from the lower receivers. Corral agreed that he met with Tilghman for the purpose of receiving the completed machineguns with the serial numbers obliterated and stated that he had no firearms registered to him in the National Firearms Registration and Transfer Record.

Following an examination of the four altered AR-15 type lower receivers, including the three Anderson AR-15 type lower receivers, by ATF's Firearms Technology Criminal Branch it was determined that one of the AR-15 type lower receivers, an Anderson, was a machinegun as defined in 26 USC §5845(b).

**Factual Resume - Page 2**

An examination of the National Firearms Registration and Transfer Record revealed no record of a machinegun registered to defendant Jose Luis Corral.

On March 18, 2016, defendant Corral possessed a firearm, to wit, a machinegun, more particularly described as an AR-15 type receiver from which the serial number and other manufacturer marks of identification had been removed and which had been modified by the drilling of an automatic-sear pin hole and into which had been installed M16 machinegun fire-control parts, which machinegun was not registered to the defendant in the National Firearms Registration and Transfer Record in violation of 26 USC § 5861(d).

SIGNED on this the 26th day of October, 2016.

_____
JOSE LUIS CORRAL
Defendant

_____
JEFFREY C. GRASS
Attorney for Defendant

**Factual Resume - Page 3**